was burned. The question at issue was whether or not the master failed to furnish a reasonably safe place to work.

*Charles Irving Oliver* for appellant.

*William H. Murray* and *Andrew J. Nellis* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ.

---

SARAH GOLDSTEIN, as Administratrix of the Estate of LOUIS GOLDSTEIN, Deceased, Respondent, *v.* NEW YORK STATE RAILWAYS, Appellant.

*Goldstein* v. *New York State Railways*, 164 App. Div. 910, affirmed.

(Argued June 8, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 5, 1914, affirming a judgment in favor of plaintiff in an action to recover for the death of plaintiff's intestate alleged. to have been occasioned through the negligence of defendant. The complaint alleged that the defendant maintained a double street railway car track on Central and Joseph avenues in the city of Rochester; that at the curve where the cars turn at right angles, at the corner of Joseph and Central avenues, the tracks are so constructed that cars in passing each other at the north end of the curb would strike, but that they could pass safely in the center of the curve; that certain unusually long cars could not be operated on the curve; that the sharpness of the curve and the operation of the long cars created a dangerous situation, and required very careful operation of the cars; that the plaintiff's intestate was riding on the left-hand side step of the car entering

the city down Joseph avenue, which was crowded inside and outside with no room for the plaintiff's intestate to ride, except where he was riding, and that passengers were riding on the outside of the car and were accepted as passengers in that position; that a car bound outward entered the curve at this particular corner and passed to the north end of the curve when the car inward bound was negligently operated and entered the curve when it should not have done so, and as a result the cars collided and the plaintiff's intestate was killed.

*Paul Folger* for appellant.

*Percival D. Oviatt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ.

---

INTERBOROUGH RAPID TRANSIT COMPANY, Appellant, *v.* CLARENCE H. KELSEY, as Administrator with the Will Annexed of the Estate of MARY G. PINKNEY, Deceased, Respondent.

(Argued June 8, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1914, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term in an action to recover the down money paid by plaintiff as vendee on the execution of a contract to purchase a parcel of land on the Harlem river. Plaintiff also sought to establish and foreclose a lien on the land for the repayment of said amount. The answer pleads a counterclaim for specific performance of the contract. The judgment dismisses the complaint and gives judgment on the counterclaim that the plaintiff specifically perform the contract, and accept a deed in a prescribed form and pay the purchase price. The cause of